(85 Misc. Rep. 229)

### PEOPLE v. COLON et al.

(Court of General Sessions, New York County. April, 1914.)

MUNICIPAL CORPORATIONS (§ 707*)—VIOLATION OF ORDINANCE REGULATING SPEED—AUTOMOBILES.

   While section 2 of the ordinance in relation to speed regulations in the city of New York contains two separate and distinct offenses, one relating to speed of car at street corners, and the other as to duty when street cars stop for passengers, the owner of an automobile, while riding therein, is responsible for the act of his chauffeur in committing either of them.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. § 707.*]

Appeal from Magistrate's Court.

George Colon and another were convicted of violating an ordinance in relation to speed regulations, and appealed. Affirmed.

William G. Keir, of New York City, for appellants.
James E. Smith, Deputy Asst. Dist. Atty., of Olean, for the People.

ROSALSKY, J. The defendants, George Colon and Edward Henderson, were adjudged guilty by Magistrate Levy of a violation of section 2 of an ordinance in relation "to speed regulations," which

took effect June 1, 1913, in that the defendant Colon, as owner of an automobile, while riding therein, did allow the defendant Henderson, his chauffeur, to operate the same within a distance of three feet from a street passenger car which had stopped for the purpose of receiving and discharging passengers, and that the defendant Henderson operated the automobile in the manner stated.

The reckless operation of motor vehicles has resulted in innumerable injuries and fatalities to persons crossing the highways or attempting to board or alight from street cars, and the board of aldermen in answer to a widespread public demand passed an ordinance in relation "to speed regulations," section 2 of which reads as follows:

"Turning Corners—Overtaking or Meeting Street Cars.—In turning a corner of meeting or intersecting public highways the person operating, driving or propelling any vehicle subject to the provisions of section one (1) of this article [which includes motor vehicles] shall not proceed, nor shall the owner of any such vehicle riding thereon or therein cause or permit the same to proceed at a rate of speed greater than four (4) miles per hour; and in overtaking or meeting a street passenger car which has been stopped for the purpose of receiving or discharging a passenger or passengers, no such vehicle aforesaid shall pass or approach within eight (8) feet of said street car so long as the same is so stopped and remains standing for the purpose aforesaid."

The learned counsel for the defendants argues that this section contains two separate and distinct offenses—the first subdivision making it unlawful for a person operating, driving, or propelling any vehicle to proceed at a rate of speed greater than four miles per hour while turning a corner of meeting or intersecting public highways, and for the owner of any such vehicle while riding therein to cause or permit the same to be done; and the second subdivision making it unlawful only for the person operating, driving, or propelling such vehicle to pass or approach within eight feet of a street passenger car which has been stopped for the purpose of receiving or discharging a passenger or passengers "so long as the car is so stopped and remains standing for the purpose aforesaid."

The questions to be determined are whether the owner of a vehicle while riding therein is responsible for a violation committed by his chauffeur under the second subdivision of this section, and whether the convictions should be permitted to stand because the learned magistrate, in adjudging both defendants guilty of a violation of the section, failed to specify the particular offense of which they were guilty.

As to the first contention I am satisfied that, while the section contains two separate and distinct offenses, a careful reading thereof clearly indicates that it was the intent of the board of aldermen to hold the owner of a vehicle while riding therein responsible, under either subdivision of the section, for the act of the person operating the vehicle. To hold otherwise would be to give it an unnatural and meaningless construction and to defeat the legislative intent. It is unreasonable to assume that the board of aldermen intended to impose responsibility upon an owner for allowing his chauffeur to operate a vehicle at a greater rate of speed than four miles an hour

while turning a corner of meeting or intersecting public highways, and to absolve the owner from all liability if his chauffeur passes or approaches within eight feet of a passenger car which has been stopped for the purpose of receiving and discharging passengers, for in the latter case the hazards are just as great as in the former.

Ordinances should be so construed, if they can be, that they may have reasonable effect, agreeably to the intent of the framers. The courts, in construing an ordinance, should adopt a reasonable construction in order to accomplish the objects and purposes thereof, and should avoid a construction leading to an absurd consequence, which would be the case if the argument urged by counsel for the defendants should prevail. Tested by this canon of construction, it seems to me that the plain intent of the board of aldermen was not to limit responsibility, under the second subdivision of the section, only to the person operating the vehicle, but to include as well the owner of the vehicle, while riding therein, who has control over the manner of its operation.

As to the second proposition urged, an examination of the record fails to sustain the contention of the defendants. It affirmatively appears that they were specifically charged with and adjudged guilty of a violation of the second subdivision of the section.

The record in this case is free from error, and the judgment of conviction as to such defendant is therefore affirmed.

Judgment affirmed.